IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANNY N. LINDSLEY**,<br><br>        Plaintiff,<br><br>        v.<br><br>**COMMISSIONER SOCIAL SECURITY ADMINISTRATION,**<br><br>        Defendant. | Case No. 3: 12-cv-0552-SU<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

James S. Coon, Swanson, Thomas, Coon & Newton, 820 Southwest Second Avenue, Suite 200, Portland, Oregon 97204. Attorneys for Plaintiff(s).

S. Amanda Marshall, United States Attorney, Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office District of Oregon, 1000 Southwest Third Avenue, Suite 600, Portland, Oregon 97201.

Jeffrey R. McClain, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, Washington 98104

Attorneys for Defendants.

**Michael H. Simon, District Judge.**

PAGE 1 – OPINION AND ORDER

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendations in this case on April 11, 2013. Dkt. 19. Judge Sullivan recommended that the Commissioner's decision be affirmed and this case dismissed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court has reviewed *de novo* those portions of Judge Sullivan's findings and recommendation to which Plaintiff has objected, as well as the underlying briefing to Judge Sullivan, Plaintiff's objections, and Defendant's response. The Court agrees with Judge Sullivan's reasoning finding that the Administrative Law Judge adequately identified and discussed the discredited testimony of Plaintiff and that the ALJ's credibility determinations regarding the testimony of Plaintiff and Plaintiff's fiancé were supported by substantial evidence in the record. "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

PAGE 2 – OPINION AND ORDER

Although Plaintiff offers a differing interpretation of the evidence, the ALJ's interpretation was a rational reading of the record as a whole. The court ADOPTS the portion of the Findings and Recommendation relating to the credibility determinations of the ALJ with respect to the testimony of Plaintiff and Plaintiff's fiancé.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record." This Court follows the recommendation of the Advisory Committee and reviews those portions of Judge Sullivan's findings and recommendation to which neither party has objected for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Sullivan's Findings and Recommendations, Dkt. 19. The decision of the Commissioner is AFFIRMED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 22nd day of May, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER